UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIRYES JARROUS,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2823

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, Michigan, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.)[1] Respondent filed a response on October 5, 2026, (ECF No. 5), and Petitioner filed his reply on October 7, 2026, (ECF No. 6).

[1] Petitioner also filed a motion for a temporary restraining order and preliminary injunction. (ECF No. 3.) Because this Opinion resolves Petitioner's action, Petitioner's pending motion is moot.

## II. Relevant Factual Background

Petitioner is a citizen of Israel. (Pet., ECF No. 1, PageID.2.) On April 30, 2026, ICE agents arrested Petitioner and placed him in detention at North Lake Processing Center. (*Id.*, PageID.5.) Petitioner alleges that he made detention officials aware of his "several severe medical conditions," but he has not been provided with proper medical care while in detention. (*Id.*, PageID.6–7.)

On June 17, 2026, the Detroit Immigration Court ordered Petitioner removed from the United States. (Removal Order, ECF No. 5-1, PageID.53.) The parties did not appeal that order. (Pet., ECF No. 1, PageID.2); *see* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "204414136" for the A-Number, select "Israel" for the Nationality, and select Submit) (last visited Oct. 15, 2026).

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

As noted above, on June 17, 2026, the Immigration Court ordered that Petitioner be removed from the United States. The parties had thirty days from the entry of the removal order to appeal to the BIA; however, no appeal was received for the case.

Following the expiration of the appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231.

*See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny Petitioner's § 2241 petition without prejudice.[2][3]

[2] If Petitioner's circumstances change, Petitioner is free to file a *new* § 2241 petition challenging his detention.

[3] Petitioner also seeks habeas relief based upon a lack of adequate medical care. (Pet., ECF No. 1, PageID.10–11.) However, § 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner's claims "fall outside of the cognizable core of habeas corpus relief," *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006), and should instead be brought as a civil rights complaint. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action"). Accordingly, Petitioner's allegations concerning his medical care do not provide a basis for habeas relief in this action, although he remains free to pursue those concerns through an appropriate civil action.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 16, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge